**DELTA AIR LINES, INC.,
Plaintiff–Appellee,**

v.

**Herman W. SASSER, Jr., Defendant–
Appellant,**

**Triad Communications Group,
Inc., Defendant.**

**No. 96–8813.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 10, 1997.

Hunter R. Hughes, III, Tony Glen Powers, Jeffrey Wright Willis, Rogers & Hardin, Atlanta, GA, for Plaintiff–Appellee.

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

## BY THE COURT:

Appellant Sasser appealed from an entry of default judgment and an award of damages against him in a civil action alleging that he illegally altered, brokered, purchased and sold Delta Air Lines tickets and Delta Frequent Flyer Program awards constituting tortious interference with business relations. In an unpublished opinion, this panel of the court affirmed the district court's entry of default judgment. A petition for panel rehearing is pending, and is being denied by separate order filed simultaneously herewith. Sasser has also filed a letter which we construe to be a motion to recuse one of the judges on the panel on the ground that such judge has accumulated and used credits in Delta's Frequent Flyer Program. Because all three judges on this panel have personal accounts in the Delta Frequent Flyer Program, we also construe Sasser's motion as a motion to recuse all three judges. For the following reasons, we deny Sasser's motion for recusal.

The frequent flyer account which is accumulated in the name of any airline passenger is part and parcel of the services which the passenger buys when he or she buys an airline ticket. The price of the ticket pays for any addition to a frequent flyer account just as it pays for the air transportation and other services purchased. We readily conclude that such a frequent flyer account does not represent a gift.

We conclude that a frequent flyer account is not a "financial interest" pursuant to 28 U.S.C. § 455(b)(4) and (d)(4). Rather, it results from a consumer transaction in the ordinary course of doing business with a common carrier. It is analogous to a credit which would arise under the following hypothetical circumstances: a national fast food chain issues cards which can be punched whenever a hamburger is purchased; after the purchase of fifteen hamburgers, the customer is entitled to one free hamburger. Both the hamburger customer and the passenger with a frequent flyer account have a credit which can be used at some future time. We are satisfied that neither transaction would be grounds for recusal.

A frequent flyer account is analogous to that of a "depositor in a mutual savings association" which is expressly excluded from the scope of "financial interests" unless the value of the interest could be substantially affected by the outcome of the case. *See* 28 U.S.C. § 455(d)(4)(iii) (the "interest ... of a depositor in a mutual savings association ... is a 'financial interest' in the organization only if the outcome of the proceeding could substantially affect the value of the interest."). Indeed, § 455(d)(4)(iii) excludes from the scope of "financial interests" not only deposits in mutual savings accounts, but also a policyholder's interest in a mutual insurance company, and "similar proprietary interest[s]".[1] It is clear beyond peradventure that the interest of the judges on this panel in their personal frequent flyer accounts could not be substantially affected by the outcome of the instant case. The subject matter at issue in the instant case is not the viability of Delta's Frequent Flyer Program, but merely a single person's alleged improper transactions involving frequent flyer awards. There is no indication in the briefs or record in this case that Sasser's position in this litigation, if it prevailed, would jeopardize the viability of the entire Delta Frequent Flyer Program.[2] Thus, it is clear that the

1. *See Christiansen v. National Sav. and Trust Co.,* 683 F.2d 520, 526 (D.C.Cir.1982) (holding that a subscriber to a health insurance policy has a "similar proprietary interest" which was not a disqualifying "financial interest"). Like the interest in *Christiansen,* the interest at issue here is "less proprietary" than the specifically excluded "policy-holder in a mutual insurance company" because the latter can participate in management and share profits an losses. *Id.* at 526. A fre-

quent flyer account is merely a prepaid credit entitling the holder to free air transportation at some future time; it carries no management or proprietary rights, and thus, as in *Christiansen,* is an interest more contingent and remote than the specifically excluded interests in § 455(d)(4)(iii).

2. If Sasser perceived that the viability of the entire program hung in the balance of this case, then he would have been required by the govern-

frequent flyer accounts do not constitute a "financial interest" in Delta Air Lines.

For the same reasons, the frequent flyer accounts of the judges on this panel are not disqualifying interests pursuant to 28 U.S.C. § 455(b)(4) (disqualifying interest if a judge knows that he or she has "any other interest that could be substantially affected by the outcome of the proceeding"), or pursuant to 28 U.S.C. § 455(b)(5)(iii) (disqualifying interest if a judge knows that he or she has "an interest that could be substantially affected by the outcome of the proceeding").

Finally, we readily conclude that the judges on this panel do not have a disqualifying interest pursuant to 28 U.S.C. § 455(a) (A "judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned").[3] It is clear to us that no reasonable person could question the impartiality of the panel judges under the instant circumstances. If Sasser's position were the prevailing one, judges would be disqualified by the multitude of day-to-day consumer transactions, conducted in the ordinary course of the business of a vendor, in which judges must and do participate, as do all other citizens. Sasser's position is clearly not the law, and we believe reasonable persons so understand.

Accordingly, Sasser's motion for recusal of the panel judges is DENIED.

ing rules of court to include in his certificate of interested persons all persons holding frequent flyer accounts in Delta's Frequent Flyer Program. *See* Fed.R.App.P. 26.1; Eleventh Circuit Rule 26.1–1 ("A certificate shall be furnished by appellants ... which contains a complete list of ... all ... persons ... that have an interest in the outcome of the particular case"). Sasser did not do so.

**3.** The Code of Conduct for United States Judges also sets forth (in substantially identical language) each of the statutory recusal principles discussed in this opinion. The analysis and result is the same under the Code of Conduct.