[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12207
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-04226-RWS

PATRICIA G. GUTHRIE,

Plaintiff-Appellant,

versus

WELLS FARGO HOME
MORTGAGE NA,
and their attorney,
MCCALLA RAYMER LLC,
and/ or, ANY FURTHER OR
ADDITIONAL PRINCIPLES,
AGENTS, SUCCESSORS AND/ OR
ASSIGNEES, ALL PERSONS
UNKNOWN, CLAIMING LEGAL OR
EQUITABLE RIGHT, TITLE,
ESTATE, LIEN, OR INTEREST
IN THE PROPERTY DESCRIBED
IN THE COMPLAINT ADVERSED
TO PLAINTIFF TITLE, OR ANY CLOUD
ON PLAINTIFF TITLE THERETO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 29, 2017)

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Patricia Guthrie, proceeding *pro se*, appeals the district court's denial of various post-judgment motions in her action alleging, *inter alia*, wrongful foreclosure in violation of various federal and state laws. She raises several issues on appeal,[1] which we address in turn. After review, we affirm the district court.

## I. DISCUSSION

### A. *Motion for New Trial*

Guthrie asserts the district court erred in denying her motion for a new trial because it erred in dismissing her complaint for failure to state a claim. The Federal Rules of Civil Procedure only permit a grant of a new trial if there was a trial in the first place—jury or nonjury. *See* Fed. R. Civ. P. 59(a)(1).

---

[1] As an initial matter, we note Guthrie's appeal was untimely to the extent she challenged the district court's March 31, 2015 judgment dismissing her complaint. As such, we have partially dismissed her appeal to the extent she challenges anything beyond: (1) the district court's August 20, 2015 order denying her motions for a new trial and for relief from judgment; and (2) the district court's April 13, 2016 order denying her motion to alter and modify the denial of her motions for a new trial and for relief from judgment.

The district court did not abuse its discretion when it denied Guthrie's motion for a new trial, because no trial occurred. *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1235 (11th Cir. 2014) (reviewing a district court's denial of a motion for a new trial for an abuse of discretion).  Even construed liberally, her brief on appeal does not include any argument as to how she satisfied this threshold requirement. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by an attorney and will, therefore, be liberally construed.").  Accordingly, we affirm in this regard.

### B.  Rule 60(b)

Guthrie contends the district court erred in denying her motion for relief from judgment because:  (1) a motion she filed was misconstrued as a notice of appeal; (2) the district court judge should have recused himself; (3) Wells Fargo submitted a forged security deed to the district court; and (4) the district court's orders were contrary to the evidence.  We review a district court's order under Rule 60(b) for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

Under Rule 60(b)(1), a court may vacate a final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Pursuant to Rule 60(b)(3), a court may relieve a party from a final

3

judgment upon a showing of fraud, misrepresentation, or misconduct by an opposing party.  Fed. R. Civ. P. 60(b)(3).  To obtain relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct.  *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).  The moving party must also demonstrate the alleged conduct prevented her from fully presenting her case.  *Id.*

Rule 60(b)(6) allows for relief from an order for any reason justifying relief and must be filed within a reasonable time.  Fed. R. Civ. P. 60(b)(6), (c)(1).  A judge's improper failure to recuse himself may constitute grounds for relief under Rule 60(b).  *See Curves, LLC v. Spalding County, Ga.*, 685 F.3d 1284, 1287-88 (11th Cir. 2012).  In some instances, a financial interest held by a judge may necessitate recusal.  28 U.S.C. § 455(b)(4).  However, "[o]wnership in a mutual or common investment fund that holds securities" does not qualify as a financial interest meriting recusal.  28 U.S.C. § 455(d)(4)(i).  Similarly, consumer transactions made in the ordinary course of doing business do not warrant recusal.  *See Delta Air Lines v. Sasser*, 127 F.3d 1296, 1297-98 (11th Cir. 1997) (holding a frequent flyer account was not a financial interest within the meaning of 28 U.S.C. § 455(b)(4), and no reasonable person could question the impartiality of a judge for having a frequent flyer account with the plaintiff airline).

Guthrie failed to allege any ruling was the result of mistake, inadvertence, surprise, or mistake, or she was otherwise entitled post-judgment relief under Rule 60(b)(1). As to her argument a forged security deed entitled her to relief under Rule 60(b)(3), Guthrie did not show through clear and convincing evidence the defendants prevailed as a result of the alleged forgery. *See Frederick*, 205 F.3d at 1287. She also did not show the alleged forgery prevented her from fully presenting her case, because she raised the issue in her amended complaint. *See id.* As to her contention Judge Story's conflicts of interest warranted relief under Rule 60(b)(6), Guthrie has not shown that his investments or transactions required him to recuse himself. Accordingly, the district court did not abuse its discretion by denying her request for relief under Rule 60(b).

*C.  Motions to Alter or Modify Order*

Guthrie asserts the district court erred in denying her motions to alter or modify its order because the denial constituted an improper *ex parte* order and she was denied the right to a trial and appeal. We review the denial of a Rule 52(b) motion for abuse of discretion. *Trigo v. Fed. Deposit Ins. Corp.*, 847 F.2d 1499, 1504 (11th Cir. 1988).

Rule 52(b) states that, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Rule

5

60(a) states a court may correct a mistake "whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).[2]

The court is not required to make specific findings of fact when ruling on a motion unless the Federal Rules of Civil Procedure provide otherwise. Fed. R. Civ. P. 52(a)(3). Rules 59 and 60 do not require the court to make findings of fact when ruling on motions for a new trial or for relief from judgment. Fed. R. Civ. P. 59, 60.

The district court did not abuse its discretion in denying Guthrie's Rule 52(b) or Rule 60(a) motions to amend or modify. Guthrie also has not shown the district court entered an improper *ex parte* order, because nothing in the Federal Rules of Civil Procedure requires the party opposing a motion to file a "notice of motion" or an "order to show cause."

Nothing in the record suggests Guthrie's rights to trial and appeal were improperly denied. Moreover, to the extent she bases these claims on the district court's dismissal of her complaint, as amended, or our dismissal of her previous appeal and petition for writ of mandamus, we have determined those issues are outside the scope of the present appeal.

---

[2] Although Guthrie styled her motion as a Rule "52(b)/60(b) Motion For Clarification and Statement of Findings and Conclusions," Rule 60(b) does not provide for such a motion. Fed. R. Civ. P. 60(b).

## II.  CONCLUSION

The district court did not abuse its discretion in denying Guthrie's motion for a new trial, because no trial ever occurred.  The district court also did not abuse its discretion in denying her Rule 60(b) motion for relief from judgment because Guthrie did not establish any grounds that would warrant such relief.  As to the denial of her motions to alter or modify findings of facts and conclusions of law, the district court did not abuse its discretion because it was not required to make explicit findings when it denied her motions for a new trial and for relief from judgment.  Moreover, there was no error in those denials which would warrant altering or modifying them.  Accordingly, we affirm.

**AFFIRMED.**