[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11272
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-60960-WPD

JOHN M. BARONE,

Plaintiff - Appellant,

versus

WELLS FARGO BANK, N.A.,
a.k.a. Wells Fargo Home Mortgage,
a.k.a. Wells Fargo Home Lending,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 10, 2018)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

John Barone, proceeding *pro se*, appeals the district court's dismissal with prejudice of his lawsuit against Wells Fargo Bank, N.A. ("Wells Fargo"), for failure to file a second amended complaint that cured the deficiencies identified by the court in a prior dismissal order.  After careful review, we affirm the district court.

## I.

Barone brought this federal action in May 2016, complaining of Wells Fargo's conduct both before and after Wells Fargo obtained a foreclosure judgment against him in October 2013.  The district court dismissed the complaint in August 2016. The court concluded that it lacked subject-matter jurisdiction under the *Rooker-Feldman*[1] doctrine because Barone appeared to be challenging the foreclosure judgment.  Alternatively, it found that abstention was warranted due to a similar lawsuit Barone had filed in state court.

We vacated the dismissal and remanded for further proceedings.  *Barone v. Wells Fargo Bank, N.A.*, 709 F. App'x 943 (11th Cir. 2017).  We concluded that abstention was not warranted and that the *Rooker-Feldman* doctrine did not appear to "require the dismissal of Barone's entire action, even if it applies to some or most of his claims."  *Id.* at 947.  We noted that Barone had alleged wrongdoing by Wells

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

Fargo after the foreclosure judgment and that "at least some of the claims . . . do not appear to invite review of the correctness of the state foreclosure judgment." *Id.*

However, because Barone's complaint—containing 811 numbered paragraphs and 165 pages of exhibits—was a "shotgun pleading" that did not provide fair notice of its claims, we were "unable to delineate with more precision the claims to which the *Rooker-Feldman* doctrine does not apply." *Id.* at 947, 951–52. We found two deficiencies that, combined, made it virtually impossible to know which allegations of fact were intended to support which claims for relief: (1) his "complaint contains 'multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint,'" *id.* at 951 (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)); and (2) his "rambling, disjointed, and often redundant complaint 'is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action,'" *id.* (quoting *Weiland*, 792 F.3d at 1322).

Despite these deficiencies, we concluded that Barone should be afforded an opportunity to replead his complaint. Accordingly, we vacated the judgment and remanded for the district court to allow Barone that opportunity. We cautioned, however, that if he "fails to make meaningful changes to his complaint after an

opportunity to replead, the court may dismiss the complaint under either Rule 41(b), Fed. R. Civ. P, or the court's inherent power to manage its docket." *Id.* at 952.

On remand, the district court entered an order permitting Barone to file an amended complaint that complied with two requirements: (1) it could allege only claims that are not subject to dismissal under the *Rooker-Feldman* doctrine; and (2) it had to comply with the pleading requirements of the Federal Rules.

Barone timely filed an amended complaint.  He cut the total number of paragraphs by more than half, and for some of the counts he attempted to reference the specific factual allegations supporting the claim.  Still, Barone's complaint spanned 87 pages and included an additional 354 pages of exhibits, and he continued to attack repeatedly the validity of the foreclosure judgment Wells Fargo obtained against him in October 2013.  *See, e.g.*, Doc. 46 ¶ 15("Wells Fargo committed numerous unlawful acts in procuring a wrongful judgement against the Barone[s] . . . ."); *id.* ¶ 18 ("Wells Fargo initiated the wrongful foreclosure by falsely asserting that it was the party to which the debt was owed as the owner of the note . . . .").

Wells Fargo moved to dismiss the case with prejudice, asserting that Barone had not cured the deficiencies in his complaint or complied with the district court's order.  Barone responded, in pertinent part, that he had reduced the length of the complaint and had more clearly outlined which allegations pertained to each count.

4

The district court granted in part the motion to dismiss, finding that the complaint still suffered from the same flaws we had identified in Barone's first appeal. Far from providing a "short and plain statement of the claim," the court explained, Barone's complaint was "disjointed, meandering, [and] often redundant," with allegations "not clearly connected to any particular causes of action." Additionally, the court found that the complaint still contained multiple counts where each count adopted the allegations of all preceding counts.

The district court further stated that Barone had violated its prior order permitting amendment by alleging many claims that were subject to dismissal under the *Rooker-Feldman* doctrine. The court noted that the complaint appeared to attack the foreclosure and invite review of the correctness of the state foreclosure judgment. But the claims barred by *Rooker-Feldman* could not be discerned easily, the court explained, because "[a]llegations covering events both before and after Wells Fargo obtained a state-court foreclosure judgment in October of 2013 are still incorporated into and/or alleged in each of the thirteen counts."

Concluding that the amended complaint, like the initial complaint, was a shotgun pleading, the district court dismissed it. Although Wells Fargo requested dismissal with prejudice, the court found that because Barone was *pro se* he should be given one last opportunity to file an amended complaint that corrected the flaws identified by the court. The court permitted Barone to file a second amended

5

complaint within 10 days.  But the court warned that the failure to file a second amended complaint that complied with the court's order would result in dismissal with prejudice.

Instead of filing a second amended complaint, Barone filed a motion to recuse the district judge under 28 U.S.C. § 455(a).  Barone argued that the judge's impartiality could reasonably be questioned because of the "judge's relationship with Wells Fargo," the initial wrongful dismissal, and the current dismissal in Wells Fargo's favor.  He sought either to vacate the dismissal order or to have it reconsidered by a different district judge.

The district court denied the motion, finding that recusal was not warranted. The court explained that adverse rulings did not provide a basis for recusal and that the judge's home mortgage with Wells Fargo Home Mortgage had been disclosed to Barone at the outset of the case, and he had not objected earlier.  The district court then entered judgment dismissing the action with prejudice for Barone's failure to file a second amended complaint.  Barone now brings this appeal.

## II.

We review for an abuse of discretion a district court's dismissal for failure to comply with a court order or with the rules of court.  *Betty K Agencies, Ltd. v. M/V*

*MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law."  *Betty K*, 432 F.3d at 1337 (quotation marks omitted).

*Pro se* pleadings are to be construed liberally.  *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017).  However, liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).

### III.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although there is no "technical form" required, the plaintiff's allegations "must be simple concise, and direct."  Fed. R. Civ. P 8(d)(1).  The purpose of these rules is "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation, ellipsis, and quotation marks omitted).  What this Court has deemed "shotgun" pleadings

fail, to varying degrees and in various ways, to fulfill that essential purpose. *Weiland*, 792 F.3d at 1323.

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted). In the case of a dismissal on shotgun-pleading grounds, "we have required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." *Id.* But where a plaintiff is afforded that chance and "fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Weiland*, 792 F.3d at 1321 n.10; *see* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

Whether the district court acts under Rule 41(b) or its inherent authority to manage its docket, a dismissal *with prejudice* is an extreme sanction that "may be properly imposed only when (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K*, 432 F.3d at 1337–38 (quotation marks omitted). A finding that lesser sanctions would not suffice may be implicit in the court's order. *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th

8

Cir. 1989).  While dismissal with prejudice is an extreme sanction, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Additionally, "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable."  *Betty K*, 432 F.3d at 1338.

Here, the district court did not abuse its discretion by dismissing Barone's action with prejudice.  To begin with, we see no error in the district court's dismissal, with leave to amend, of Barone's first amended complaint.  Barone claims that the district court failed to give his pleading the liberal construction to which it was due, but we agree with the district court that Barone's complaint, even liberally construed, was unmanageable and failed to give fair notice of its claims.

Despite Barone's attempt to fix some of the problems with his initial complaint, his first amended complaint still suffered from the same flaws we had identified in Barone's first appeal.  The first amended complaint, like the initial complaint, contained a multitude of factual allegations that were difficult to follow and not clearly connected to any particular cause of action, as well as multiple counts where each count adopted the allegations of all preceding counts.

While Barone cut the 811 paragraphs of the initial complaint by more than half, he more than doubled its 165 pages of exhibits.  Additionally, despite a court

9

order to remove any claims that were subject to dismissal under the *Rooker-Feldman* doctrine, Barone continued to attack the foreclosure and invite review of the correctness of the state foreclosure judgment. And the claims barred by *Rooker-Feldman* could not be easily discerned because, as the court explained, "[a]llegations covering events both before and after Wells Fargo obtained a state-court foreclosure judgment in October of 2013 are still incorporated into and/or alleged in each of the thirteen counts." This was essentially the same problem we had noted on appeal in regard to Barone's initial complaint. *Barone*, 709 F. App'x at 947.

In short, the district court reasonably concluded that Barone had failed to "make *meaningful* modifications to [his] complaint." *Weiland*, 792 F.3d at 1321 n.10 (emphasis added). Although the court was required to liberally construe the complaint, it was not required, or permitted, to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69. Accordingly, the court was authorized to "dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Weiland*, 792 F.3d at 1321 n.10.

Further, we conclude that the "extreme sanction" of dismissal with prejudice was justified under the circumstances. When the district court dismissed Barone's first amended complaint, giving Barone another opportunity to cure the deficiencies, the court expressly warned Barone that the failure to file a second amended

complaint that complied with the court's order would result in dismissal with prejudice. But Barone failed to file any second amended complaint, let alone a compliant one. Instead, he sought to disqualify the district judge based primarily on the judge's rulings against him.

Because Barone willfully disregarded the district court's order, despite being warned about the consequences, it was not an abuse of discretion to dismiss the complaint with prejudice. *See Moon*, 863 F.2d at 839. In addition, Barone, and not any attorney, was the culpable party, which further supports the appropriateness of "the harsh sanction of dismissal with prejudice." *See Betty K*, 432 F.3d at 1338. The record also supports the district court's implicit finding that lesser sanctions than dismissal would not have served the interests of justice. *See Mingo*, 864 F.2d at 102. Barone had multiple opportunities to plead his claims, and permitting him another chance would have prejudiced Wells Fargo. *See Goforth*, 766 F.2d at 1535. We therefore conclude that the district court acted within the bounds of its discretion by dismissing Barone's complaint with prejudice. *See Betty K*, 432 F.3d at 1337

## IV.

Barone also appeal the denial of his recusal motion. We review a judge's recusal decision for an abuse of discretion. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001). Recusal is required in any proceeding in which the judge's impartiality might reasonably be questioned—that is, where an objective, fully

informed lay observer would entertain significant doubt about the judge's impartiality. 28 U.S.C. § 455(a); *Curves, LLC v. Spalding Cty., Ga.*, 685 F.3d 1284, 1287 (11th Cir. 2012).

Here, the district court did not abuse its discretion by denying Barone's recusal motion. First, Barone primarily sought recusal based on the judge's adverse rulings, but "except where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). No such pervasive bias has been shown here.

Second, Barone appears to have sought recusal in part based on the judge's personal home mortgage with Wells Fargo, but standard consumer transactions made in the ordinary course of business generally do not warrant recusal. *See Delta Air Lines, Inc. v. Sasser*, 127 F.3d 1296, 1297–98 (11th Cir. 1997). And there is no indication that the judge's home mortgage could be "substantially affected" by the outcome of this proceeding. *See id.*

Finally, Barone knew of the judge's home mortgage as early as May 2016, but he did not raise that issue to the district court until 2018, after an adverse ruling. A party who seeks to have a judge disqualified under § 455 must do so in a timely manner upon learning of the grounds for disqualification. *Summers v. Singletary*, 119 F.3d 917, 920 (11th Cir. 1997). Barone's failure to raise the issue in a timely manner further supports the judge's refusal to recuse.

12

## V.

For the reasons stated, we affirm the district court's dismissal with prejudice of Barone's action against Well Fargo and the denial of his recusal motion.

**AFFIRMED.**