[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11661

Non-Argument Calendar

_____

KEITH THOMAS,

                                                                      Plaintiff-Appellant,

*versus*

BANK OF AMERICA, N.A.,
a.k.a. BAC Home Loans Servicing, LLP,
a.k.a. Countrywide Home Loans Servicing, LP,
a.k.a. Bank of America Corp.,
RUBIN LUBLIN, LLC,
MCGUIRE WOODS, LLP,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
a.k.a. Merscorp Holdings, Inc.,
SELECT PORTFOLIO SERVICING, INC., et al.,

2                    Opinion of the Court                    22-11661

Defendants-Appellees,

NORTHSTAR MORTGAGE GROUP, LLC,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-03369-WMR

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Keith Thomas appeals *pro se* the dismissal of this consolidated action against Bank of America, N.A., Rubin Lublin, LLC, McGuire Woods, LLP, Mortgage Electronic Registration Systems, Inc., Select Portfolio Servicing, Inc., and DLJ Mortgage Capital, Inc. Thomas complained of fraud, civil conspiracy, mail fraud, racketeering, and violations of the Civil Rights Act of 1866, 42 U.S.C. § 1982, relating to the 2010 assignment of a security deed on his Georgia residence and later foreclosure attempts. The district court dismissed the complaint as barred by res judicata and denied Thomas's motion to recuse. We affirm.

In 2011, Thomas filed in the district court a complaint alleging that Bank of America, MERS, and other entities violated state and federal law in attempting to initiate foreclosure proceedings and to collect unpaid mortgage payments. Thomas alleged that, in 2007, he obtained a residential mortgage from Northstar Mortgage Group, LLC, and conveyed the property as collateral for the mortgage to MERS, which was Northstar's nominee and its successor and assigns. He alleged that, in 2010, MERS assigned the security deed to entities that later merged into Bank of America, but the assignment was invalid because Northstar's mortgage license was revoked before the assignment. The district court dismissed the action with prejudice, and we affirmed. *Thomas v. Bank of America, N.A.*, 557 F. App'x 873 (11th Cir. 2014).

Thomas then filed in state court second and third actions challenging the assignment and to stop foreclosure. The state court dismissed the actions based on res judicata and collateral estoppel, respectively, and the state appellate court affirmed. Thomas filed a fourth lawsuit on the matter in the district court, but it was dismissed for lack of subject matter jurisdiction.

In 2021, Thomas initiated the instant lawsuit. The defendants moved to dismiss and argued that his claims were barred by res judicata. During argument on the motions, counsel for defendants raised the possibility of the district court issuing an injunction to prevent Thomas from filing similar lawsuits in the district court "under its inherent power to manage its docket and/or Rule 11." The district court directed the defendants "to move for the [c]ourt

to issue such an injunction and/or to brief whether the [c]ourt has the authority to *sua sponte* issue such an injunction." The district court also directed Thomas to file a postjudgment motion, Fed. R. Civ. P. 60(b), in the first federal action if he wanted to attack the original judgment. Thomas did so and alleged that the district judge and magistrate judge in that first action should have recused because they had home mortgage contracts involving one of the defendants. The district court denied the Rule 60(b) motion, and Thomas did not appeal. Thomas moved for the district judge in the instant action to recuse too because MERS was an identified entity for the district judge's personal home mortgage.

Several defendants filed a brief regarding the availability of sanctions. They stated that "[r]ather than filing a motion for sanctions, the [d]efendants are filing this brief regarding the [c]ourt's powers to *sua sponte* impose sanctions." The district court ordered Thomas to show cause why he should not be enjoined from filing similar lawsuits in the future. Thomas responded that the 21-day safe harbor provision in Rule 11 applied to him and that a sanction would be unconstitutional because he had not acted in bad faith. He reasserted the merits of his complaint and cited a 2005 Nebraska state court decision to support his argument that the 2010 assignment was invalid. He asked the district court to withhold ruling on sanctions and to certify questions regarding the ability of MERS to operate legally in Georgia to the Georgia Supreme Court.

The district court dismissed the action with prejudice as barred by res judicata. It denied the motion for recusal because the

district judge did not have a personal bias or prejudice concerning a party to the action or a financial interest in the subject matter, as his security deed involving MERS was part of a standard consumer transaction conducted at arm's length. The district court enjoined Thomas from filing future lawsuits on this matter against any of the defendants without prior court approval. The district court stated that it had the authority to do so under Rule 11(b) and its inherent power and that the Rule 11(c) safe-harbor provision did not apply because there was no motion for sanctions. It declined to certify questions to the Georgia Supreme Court because Thomas's questions "[were] frivolous attempts to extend his campaign of litigation."

In his brief, Thomas does not challenge the dismissal of his complaint based on res judicata. "[W]e read briefs filed by *pro se* litigants liberally," but Thomas has abandoned his opportunity to contest the dismissal of his complaint based on res judicata. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). He argues instead that dismissal was improper because the district court did not apply the 2005 Nebraska decision and did not certify questions to the Georgia Supreme Court. But because the district court dismissed the case based on res judicata, it had no reason to consider a Nebraska state court decision that was available before Thomas filed his first lawsuit. And because the certification procedure, where available, is left to the "sound discretion of the federal court," the district court had no obligation to use it. *McKesson v.*

*Doe*, 141 S. Ct. 48, 51 (2020) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

Thomas also argues that the district judge should have recused, *see* 28 U.S.C. § 455, due to MERS being a party to his home mortgage transaction, but we disagree. We review a decision on whether to recuse for abuse of discretion. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1319-20 (11th Cir. 2002). A judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned," and where "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "[T]he standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Thomas*, 293 F.3d at 1329. But consumer transactions made in the ordinary course of business do not warrant recusal. *Delta Air Lines, Inc. v. Sasser*, 127 F.3d 1296, 1297-98 (11th Cir. 1997).

The district judge was not required to recuse under section 455. Having a home mortgage that involves MERS, an electronic system designed to track ownership interests in home mortgages, is no more than a relationship arising from the execution of a standard contract during the ordinary course of business. *See id.* We deny Thomas's motion for our recusal for the same reason. And although Thomas argues that the district judge and magistrate judge from his first federal action should have recused too, he fails to identify an appealable judgment or order that we can review.

22-11661                Opinion of the Court                7

*See Whetsone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1079-80 (11th Cir. 2003).

Thomas also challenges the pre-filing injunction, but we discern no error. We review the imposition of sanctions under Rule 11 or inherent power for abuse of discretion. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1310, 1314 (11th Cir. 2021). When a district court issues sanctions on its own initiative under Rule 11(c)(3), the "safe harbor" provision of Rule 11(c)(2) does not apply. Fed. R. Civ. P. 11(c)(2), (3). So the district court properly exercised its authority to sanction Thomas without providing him a 21-day "safe harbor." The district court issued a show cause order on its own initiative and gave Thomas notice and opportunity to respond. The record supports the finding that Thomas subjectively and objectively acted in bad faith in persisting with his extensive campaign of litigation, despite having ample reason to know after four lawsuits on the matter that his claims were barred and frivolous. Although Thomas argues that the injunction violates his constitutional rights, his right of access to the courts is "neither absolute nor unconditional." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). The district court did not abuse its discretion in imposing a narrowly-written pre-filing injunction to proscribe additional frivolous lawsuits involving his mortgage against the named defendants.

We **AFFIRM** the dismissal with prejudice of Thomas's complaint and **DENY** his motion for recusal.