[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-11266

Non-Argument Calendar

————————————————

VARONDRIA T. WILLIAMS,

Plaintiff-Appellant,

*versus*

THE GEO GROUP, INC.,
The Geo Group, Inc.
a Florida Corporation
d.b.a. GEO Secure Services, LLC,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81960-WM

————————————————

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Varondria Williams, an African-American female, appeals from the district court's dismissal of her civil suit raising claims of discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a); the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01; and 42 U.S.C. § 1981; and a claim of intentional infliction of emotional distress under Florida law.  On appeal, she first argues that the magistrate judge, consented to by the parties,[1]

---

[1] Williams also argues that the magistrate judge was without subject-matter jurisdiction or authority to decide her case.  Specifically, she contends because she consented to having a magistrate judge decide her case, and Magistrate Judge Dave Lee Brannon was initially assigned to do so, her consent was required again to reassign the case to Magistrate Judge William Matthewman upon Magistrate Judge Brannon's passing.  We conclude that this challenge fails, in part, because she consented to "a magistrate judge" in her notice of consent and did not object to Magistrate Judge Matthewman presiding over the case throughout the entirety of the district court proceedings or seek to withdraw her consent. *See Roell v. Withrow*, 538 U.S. 580, 582 (2003) (holding that consent for a magistrate judge to preside over a case can be inferred from a party's conduct during litigation).  Accordingly, we conclude that the magistrate judge had the authority to enter a final judgment in the case because the parties consented.  28 U.S.C. § 636(c)(1).

abused his discretion by failing to recuse himself and issuing discovery orders that unfairly prejudiced her.  Second, she contends that the magistrate judge also abused his discretion by dismissing her suit with prejudice for discovery-procedure violations.

For the following reasons, we affirm.

## I.

We generally review a judge's decision not to recuse himself for an abuse of discretion.  *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).  However, if a party fails to invoke a federal recusal statute to the district court, we instead review for plain error.  *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983).  We also review denial of discovery requests for abuse of discretion.  *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014).  We will generally not overturn discovery rulings unless a party can show that a district court's ruling resulted in substantial harm to the appealing party's case.  *Harrison*, 746 F.3d at 1297.  Under an abuse of discretion standard, we will leave a district court's ruling undisturbed unless we find that the court made a clear error of judgment or applied the wrong standard.  *Id.*

There are two bases under which a district court judge may recuse himself from a proceeding.  First, under 28 U.S.C. § 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit must

state the facts and the reasons for the belief that bias or prejudice exists. *Id.* To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists. *United States v. Serrano*, 607 F.2d 1145, 1150 (5th Cir. 1979).[2] The affidavit must be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause must be shown for failure to file it within such time. § 144.

Second, under 28 U.S.C. § 455(a), a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Under § 455(b)(1), a judge must recuse himself when he has a personal bias or prejudice concerning a party. Additionally, § 455(b)(4) provides that a judge shall disqualify himself when "he, individually or as a fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

Generally, evidence to support a claim of judicial bias "must stem from extrajudicial sources." *Hamm*, 708 F.2d at 651. "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about a judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). For

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit decided prior to the close of business on September 30, 1981.

example, we have excluded regular consumer transactions from the scope of "financial interest" under § 455(b)(4) and § 455(d)(4). *See Delta Air Lines, Inc. v. Sasser*, 127 F.3d 1296, 1297 (11th Cir. 1997) (holding that a frequent flyer account results from a consumer transaction in the ordinary course of doing business with a common carrier and is, thus, not grounds for recusal); *cf. Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867 (1988) (holding that a district judge violated § 455(b)(4) by failing to recuse himself after learning that he was a member of the board of trustees of a university with an interest in the outcome of the proceedings before him).

Here, we conclude that the magistrate judge did not abuse his discretion by failing to recuse himself because Williams neither moved for him to do so, nor provided extrajudicial sources to demonstrate that he was biased. Next, she otherwise has not demonstrated how the magistrate judge abused his discretion in any of the discovery orders based on her admitted violations of the order setting discovery procedure in the case. Accordingly, we affirm in this respect.

## II.

We generally review a dismissal sanction under Federal Rules of Civil Procedure 37 and 41 and under the district court's inherent powers for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1303 (11th Cir. 2009).

An appellant fails to adequately brief a claim when she does not plainly and prominently raise it.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  "To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against [her] is incorrect."  *Id.* at 680.

If a plaintiff fails to comply with a court order, the district court may *sua sponte* dismiss the case.  *See Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Rule 37 provides a district court with the power to impose sanctions against uncooperative litigants.  *Phipps v. Blakeny*, 8 F.3d 788, 790 (11th Cir. 1993).  Sanctions under Rule 37 are intended to (1) compensate the court and other parties for the added expenses caused by discovery abuses, (2) compel discovery, (3) deter others from engaging in similar conduct, and (4) penalize the offending party or attorney.  *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993).  A district court may also issue an order compelling a party's participation in discovery.  Fed. R. Civ. P. 37(a).

Rule 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."  Despite the plain language of Rule 41(b) indicating that a

defendant may move for dismissal, a district court may *sua sponte* dismiss a case under the authority of either (1) Rule 41(b) or (2) the court's inherent power to manage its docket. *Betty K Agencies*, 432 F.3d at 1337.

Here, we conclude that Williams fails to expressly challenge each of the three independent bases on which the magistrate judge relied upon to dismiss suit, and she has accordingly forfeited her claim. Further, even if we assume *arguendo* that such challenges are implicitly preserved, they still fail. To the extent that she argues that her procedural deficiencies did not merit a dismissal, she otherwise concedes that she did not attend her court-ordered deposition, which is a sufficient justification for a judge to dismiss her case with prejudice. Accordingly, we affirm.

**AFFIRMED.**